{¶ 64} I dissent because I believe that the trial court should have omitted any reference to the specific crime, i.e. arson, for which appellant was under detention at the time of purportedly committing aggravated murder in this case. I concede that appellant's prior conviction for arson is relevant and that his conviction for a felony
becomes an element of the state's case for aggravated murder. Nevertheless, Evid.R. 403(A) and basic fairness required the court to omit a reference to the specific crime of arson and to substitute a generic reference to a felony conviction in light of the nature of the charges appellant faced in this case. There is simply too great a risk that the jury concluded "once an arsonist, always an arsonist" in reaching its guilty verdict. This is especially true in light of the limited circumstantial evidence connecting appellant to the victim's death. As the court in State v. Blanski (1997), 125 Ohio App.3d 103, 109
held, when a prior offense is an element of the crime charged, the state must prove the prior crime. But, "the state must do so in such a manner as not to allow the jury to hear the details of the prior crimes, thereby causing the jury to convict the defendant on the basis of those crimes and not on the basis of the evidence before it or of the present crime."Id. In this case, the name of the prior crime was a detail that the jury should not have known. Simply by deleting reference to the specific crime of arson and substituting the general term "felony" in the state's exhibits, the state could have satisfied both the aggravated murder statute and Evid.R. 403(A). Because the trial court failed to require this substitution, I believe the risk that the appellant was unfairly convicted is far too great to allow me to concur with the majority.